IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

EDWARD LEE EDWARDS,           )
                             )
        Petitioner,          )
                             )
vs.                          )        Case No. CV 96-B-1271-S
                             )
RON SUTTON, Warden;          )
ATTORNEY GENERAL OF THE      )
STATE OF ALABAMA,            )
                             )
        Respondents.         )

**ENTERED**

MAR 18 1997

MEMORANDUM OF OPINION

        This is an action by an Alabama state prisoner pursuant

to 28 U.S.C. § 2254, challenging the constitutional validity of the

first-degree rape conviction and life-without-parole sentence he

received in the Jefferson County Circuit Court on December 10,

1991.  The petitioner, Edward Lee Edwards, is incarcerated at the

St. Clair Correctional Facility in Springville, Alabama, serving a

sentence of life without parole.  He filed his *pro se* petition for

writ of habeas corpus on May 15, 1996.  As grounds for relief, he

alleges that his constitutional rights were violated because

(1) the trial court erred by admitting hearsay statements into

evidence over defense objections; (2) he received ineffective

assistance of trial counsel; (3) he received ineffective assistance

of appellate counsel; (4) the trial court erred by using unconsti-

tutional prior convictions to enhance his sentence; and (5) the

trial court erred by dismissing his Rule 32 petition without conducting a hearing, without appointing an attorney for him, and without addressing the claims on the merits.  Although this matter was referred initially to a magistrate judge for a preliminary review and recommendation, the court now withdraws the reference.

## Procedural History

On December 10, 1991, the petitioner was convicted by a jury in the Circuit Court of Jefferson County of first-degree rape of his seven-year-old stepdaughter.  He was sentenced as a habitual offender on January 27, 1992, to life without parole.  Represented by the same attorney as at trial, he appealed the conviction and sentence to the Alabama Court of Criminal Appeals, raising four issues for reversal: (1) that the trial court erred by admitting hearsay statements into evidence over defense objections; (2) that the trial court erred by failing to instruct the jury each time a hearsay statement of the victim was admitted that the petitioner was not afforded cross-examination of the statements; (3) that the trial court erred by using a 1969 grand-larceny conviction to enhance his sentence; and (4) that the trial court erred by using another grand larceny conviction that was not his to enhance his sentence.  On September 18, 1992, the Alabama Court of Criminal Appeals affirmed the conviction and sentence in a written opinion. Edwards v. State, 612 So. 2d 1282 (Ala. Cr. App. 1992).  Rehearing

2

was denied on November 13, 1992, and the Alabama Supreme Court denied his petition for writ of certiorari on February 26, 1993.

On February 2, 1995, the petitioner filed a petition for relief pursuant to Rule 32, A.R.Crim.P., in the Circuit Court of Jefferson County raising seven grounds for relief: (1) that he received ineffective assistance of trial counsel because his attorney failed to object to "the details of the complaint"; (2) that the trial court erred by admitting hearsay statements into evidence over defense objections; (3) that the sentence imposed exceeded the maximum authorized by law; (4) that the court was without jurisdiction to impose the sentence because it allowed the prosecutor to use illegal prior convictions to enhance his sentence; (5) that the petitioner's Sixth, Eighth, and Twelfth Amendment rights were violated; (6) that his constitutional protection against double jeopardy was violated; and (7) that a tape used as evidence was not kept under proper supervision.   On March 17, 1995, the Jefferson County Circuit Court denied the Rule 32 petition stating:

> The court having considered the pleadings of the parties and the record of court denied the petition for the following grounds.
>
> (1) The claim of ineffective assistance of counsel lacks merit.  This court tried this case.
>
> (2) The defendant is precluded because these issues could have been or were raised at trial.

3

(3) The defendant is precluded because these
issues could have been or were raised on
appeal.

On August 18, 1995, the Alabama Court of Criminal Appeals affirmed
by memorandum the denial of his Rule 32 petition stating:

> Affirmed by Memorandum. The trial court's
> summary dismissal of the appellant's Rule 32,
> A.R.Crim.P. petition is affirmed. The trial
> court's order summarily dismissing the appel-
> lant's ineffective assistance of counsel claim
> – that trial counsel failed to object to
> "details" in the complaint – was not error
> because appellant's Rule 32 judge presided
> over the appellant's trial on the merits and
> personally observed appellant's representa-
> tion. See Gunn v. State, 619 So. 2d 225 (Ala.
> Cr. App. 1993). Furthermore, the appellant's
> claim of ineffective assistance of counsel on
> this ground is without merit.
>
> The trial court also correctly ruled that the
> following issues are procedurally barred.
>
> – The trial court erred in admitting alleged
> hearsay statements into evidence over defense
> objections. Rule 32.2(a)(5), A.R.Crim.P. (An
> issue "which could have been but was not
> raised on appeal.").
>
> – The sentence imposed exceeded the maximum
> authorized by law. Rule 32.2(a)(4),
> A.R.Crim.P. (an issue "which was raised or
> addressed on appeal." See Edwards v. State,
> 612 So. 2d 1282, 1283 (Ala. Crim. App. 1992).
>
> – The trial court used a prior conviction to
> enhance his sentence which was not his. Rule
> 32.2(a)(4), A.R.Crim.P. (an issue "which was
> raised or addressed on appeal." See Edwards
> v. State, 612 So. 2d 1282, 1284 (Ala. Crim.
> App. 1992).

4

- The trial court enhanced his sentence by
using a prior federal conviction for which
Alabama has no counterpart.  Rule 32.2(a)(4),
A. R. Crim. P. (an issue "which was raised or
addressed on appeal."  See <u>Edwards v. State</u>,
612 So. 2d 1282, 1284 (Ala. Crim. App. 1992)
("the state had the burden of proving that the
appellant had at least three prior felony
convictions.").

- The court was without jurisdiction to render
or impose sentence because the court allowed
the prosecutor to use three illegal convic-
tions   to   enhance   his   sentence.     Rule
32.2(a)(4), A.R.Crim.P. (an issue "which was
raised or addressed on appeal."  See <u>Edwards
v. State</u>, 612 So. 2d 1282, 1284 (Ala. Crim.
App. 1992) ("the state had the burden of
proving that the appellant had at least three
prior felony convictions.").

- His 6th, 8th, and 12th constitutional rights
were violated.   Rule 32.2(a)(3), A.R.Crim.P.
(an issue "which could have been but was not
raised at trial.").

- His constitutional protection against double
jeopardy was violated.    Rule  32.2(a)(3),
A.R.Crim.P. (an issue "which could have been
but was not raised at trial.").

- The tape that was used as evidence against
the appellant was not kept under the proper
supervision.  Rule 32.2(a)(3), A.R.Crim.P. (an
issue "which could have been but was not
raised at trial.").

AFFIRMED.


     The petitioner filed his <u>pro se</u> petition for writ of

habeas corpus in this court on May 15, 1996, raising five catego-

ries of issues challenging the conviction and sentence.  He alleges

(1) that the trial court erred by admitting hearsay statements of

the victim into evidence over defense objections; (2) that he received ineffective assistance of trial counsel in some twenty-five different ways,[1] (3) that he received ineffective assistance of appellate counsel because his attorney failed to raise key issues for reversal of the conviction and sentence; (4) that the

---

[1]   Petitioner identifies the following 25 errors by counsel: his attorney (a) failed to challenge the "details" of the victim's complaint, (b) failed to challenge the defective indictment, © failed to challenge the manner in which the arrest warrant was obtained, (d) failed to challenge the defective arrest warrant, (e) failed to develop adequate discovery records, (f) failed to investigate the crime scene, (g) failed to investigate or develop any defense, (h) failed to interview or subpoena potential defense witnesses, (I) failed to elicit details of what the state's witnesses were going to offer as evidence in trial in order to prepare and develop a defense, (j) failed to develop any defense against the State's case and witness testimony, (k) failed to properly challenge the State's use of a video-taped interview of the victim made long after the crime was alleged to have occurred, (l) failed to properly cross-examine the State's witnesses, (m) failed to properly object to the reference to the petitioner's prior bad acts, (n) failed to object to the illegal manner in which the prosecutor was asking damaging testimony from the State's witnesses, (o) failed to protect all of the petitioner's interests, (p) failed to make the trial court rule on the issue of hearsay testimony, (q) failed to properly challenge the trial court's refusal to allow the jury to consider the lesser-included offenses of sexual misconduct and sexual abuse, (r) failed to consult with the petitioner prior to the sentencing hearing to develop facts essential to protect his interests, (s) failed to investigate his prior convictions that were used to enhance his sentence, (t) failed to show that a misdemeanor conviction that was not his and a federal conviction for mail theft could not be used to enhance his sentence, (u) failed to protect his interests at the sentencing hearing, (v) failed to get a copy of the petitioner's F.B.I. file prior to the sentencing hearing, (w) failed to keep key issues "alive" during trial to preserve them for appellate review, (x) improperly defaulted on key issues of illegal use of hearsay evidence by not forcing the trial court to rule on the issue of hearsay, and (y) failed to present issues for review which would warrant a reversal of the petitioner's conviction and sentence.

trial court erred by using unconstitutional prior convictions to enhance his sentence; and (5) that the trial court erred by dismissing his Rule 32 petition without conducting a hearing, without appointing an attorney for him, and without addressing the claims on the merits.

Pursuant to the magistrate judge's order to show cause, the respondents filed an answer on July 2, 1996, supported by exhibits. By order of July 8, 1996, the parties were notified that the petition would be considered for summary disposition, and the petitioner was notified of the provisions and consequences of this procedure under Rule 8 of the Rules Governing § 2254 Cases. The petitioner filed a response on July 29, 1996. For the reasons explained below, the court believes the habeas petition should be denied.

Evidentiary Error (Claim 1)

The petitioner claims that the trial court erred by admitting hearsay statements made by the victim to her mother and other people into evidence over defense objections. Petitioner raised this claim on direct appeal, and the Alabama Court of Criminal Appeals found no error, stating in pertinent part:

> ... The appellant objects on the basis of hearsay to the admission of statements made by the victim to her mother and to a physician

7

and to the admission of a video-taped inter-
view of the victim by a social worker.

"An out-of-court statement made by a child
under twelve years of age at the time of the
proceeding concerning an act that is a mate-
rial element of any crime involving child
sexual abuse, ...which statement is not other-
wise admissible in evidence, is admissible in
evidence in criminal proceedings, if the
requirements of section 15-25-32 are met."
Ala. Code 1975, § 15-25-31. "An out-of-court
statement may be admitted as provided in
section 15-25-31, if (1) The child testifies
at the proceeding...." § 15-25-32. Here, the
child testified at the appellant's trial.

Testimony concerning the statements made by
the seven-year-old victim to her mother and to
a physician and the video-taped interview
between the victim and a social worker were
admissible pursuant to Ala. Code 1975, §§ 15-
25-31 and -32.

Section 15-25-36 provides that, in connection
with the hearsay statements of a child, "[t]he
court shall inform the jury that the out-of-
court statement was taken without the defen-
dant being afforded cross examination of such
out-of-court statement." The trial court so
instructed the jury following the presentation
of all the evidence and the arguments by the
attorneys. We find no merit to the appel-
lant's argument that he was entitled to a
mistrial because the trial court did not so
instruct the jury after the admission of each
of the three statements.

In the alternative, we find that the appellant
is procedurally barred from raising this issue
because the appellant did not call the trial
court's attention to its failure to instruct
after the admission of each statement until
after the State had presented all of the
evidence in its case-in-chief. There is
simply no indication that the trial court
<u>refused</u> to so instruct the jury after the
admission of each statement.

The scope of a federal court's review of a state judge's evidentiary ruling is severely restricted. Generally, a federal habeas court is not empowered to correct the erroneous admission of evidence at a state criminal trial, and will not review a trial court's admission of evidence unless the alleged error was of such magnitude as to deprive the petitioner a fundamentally fair trial. Leverett v. Spears, 877 F.2d 921, 925 (11th Cir. 1989); Nettles v. Wainwright, 677 F.2d 410, 414-15 (5th Cir. Unit B 1982). Any matter regarding the admission of evidence at a state criminal trial ordinarily is a matter of state law and violation of a state rule of evidence will not, standing alone, justify the grant of habeas relief to a state prisoner. Shaw v. Boney, 695 F.2d 528, 530 (11th Cir. 1983). In order for the federal court to grant relief, the violation must have been so great that the petitioner's "fundamental" rights were violated. Id. at 530. "In the context of state evidentiary rulings, the established standard of fundamental fairness is that habeas relief will be granted only if the state trial error was 'material in the sense of a crucial, critical, highly significant factor.'" Id.; Redman v. Dugger, 866 F.2d 387, 390 (11th Cir. 1989), citing Boykin v. Wainwright, 737 F.2d 1539 (11th Cir. 1984), cert. denied, 470 U.S. 1059, 105 S. Ct. 1775, 84 L. Ed. 2d 834 (1985).

Where evidence was properly admitted under state law, the trial cannot have been rendered fundamentally unfair.  <u>Williams v. Kemp</u>, 846 F.2d 1276 (11th Cir. 1988); <u>Amadeo v. Kemp</u>, 816 F.2d 1502 (11th Cir. 1987) (express ruling by state appellate court that evidence was properly admitted under state law is binding on federal court).  Applying these standards to the instant case, this claim does not merit habeas relief.  The state appellate court found as a matter of state law that the trial court was not in error for admitting into evidence the seven-year-old victim's out-of-court statements to her mother, a physician, and a social worker.  Moreover, there is no showing that the petitioner was deprived of a fundamental federal right,[2] which is a prerequisite for habeas relief. <u>See</u> <u>Thigpen v. Thigpen</u>, 926 F.2d 1003 (11th Cir. 1991).  Accordingly, claim one is due to be denied.

<u>Ineffective Assistance Of Counsel</u> (Claim 2(a))

The United States Supreme Court has established a national standard for judging the effectiveness of criminal defense counsel under the Sixth Amendment.  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so

---

[2] It is important to note that petitioner does <u>not</u> assert that the admission of the statements deprived him of the constitutional right to confront and cross-examine the witnesses against him. Indeed, the child-victim testified at trial and, therefore, was fully subject to confrontation and cross-examination concerning the out of court statements.

undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The Court elaborated:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

In order to show ineffectiveness of counsel, a habeas petitioner must demonstrate that his attorney's performance fell below "an objective standard of reasonableness," 466 U.S. at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Also, in making such an evaluation, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690. The effectiveness or ineffectiveness must be

evaluated by consideration of the totality of the circumstances. Stanley v. Zant, 697 F.2d 955, 962 (11th Cir. 1983). The court must remember that a defendant in a criminal case has a constitutional right only to adequate counsel; he is not entitled to the very best legal representation. Stone v. Dugger, 837 F.2d 1477 (11th Cir. 1988).

The petitioner claims that he received ineffective assistance of trial counsel because his attorney failed to object to the "details" of the victim's complaint (Claim 2(a)). While his petition does not make clear what is meant by this allegation, his response to the respondents' answer filed July 29, 1996, explains that, because the seven-year-old victim did not tell her mother about the alleged rape until three to five days after the incident, a reasonable time to complain of the rape had passed and therefore the testimony of the mother and others that the victim told should not have been admissible. Thus, the claim seems to assert that counsel was ineffective for not objecting to the admission of the hearsay statements of victim.

The petitioner raised this claim in his Rule 32 petition and on appeal from the denial of that petition, and the Alabama Court of Criminal Appeals denied the petition on the merits for the plain reason that counsel did object to the hearsay statements. Not only did he file a pretrial motion in limine to preclude the statements (see Respondents' Exhibit D, pp 51-58), he repeatedly

12

objected throughout the trial.   (See Respondents' Exhibit D, pp. 55, 70, 115, 163, and 171).  The admission of the statements was over counsel's objection, not due to a failure to make objections.  Thus, any fault that may lie in the admission of the statements (and the court does not suggest there is) simply cannot be put at counsel's door.  Although he did not succeed in keeping the hearsay statements out of evidence, he did everything within his power to do so.  This claim of ineffective assistance of counsel is due to be denied.

<u>Procedural Default</u>

All of the remaining claims of ineffective assistance of trial counsel (claims 2(b) through 2(y))[3] and ineffective assistance of appellate counsel (claim 3) were raised by petitioner for the first time in this habeas corpus petition.  When a habeas claim has never been presented to a state court and there no longer exists any remedial vehicle by which the state courts may consider the claim, the United States Supreme Court has held that it is procedurally defaulted. <u>Teague v. Lane</u>, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989).  The petitioner defaulted these claims in at least two ways.  First, he has failed to assert them in a Rule 32 petition within the two-year limitation established by

---

[3] See Footnote 1.

13

Rule 32.2(c), A.R.Crim.P.; and, second, he filed a Rule 32 petition which did not contain these claims. Therefore, even if he could now file a timely Rule 32 petition, it would be successive under Rule 32.2(b), A.R.Crim.P.[4]

The Court is not required to dismiss these claims as unexhausted because the defaults are apparent and it would be futile to send the petitioner back to state court only to be faced with the defaults. See Collier v. Jones, 910 F.2d 770 (11th Cir. 1990); Whiddon v. Dugger, supra. Thus, claims  claims 2(b) through 2(y) and claim 3 are procedurally barred unless petitioner can show cause and prejudice to excuse the defaults.

If a petitioner has procedurally defaulted on a constitutional claim, he is barred from litigating that claim in a federal habeas corpus proceeding unless he can show adequate "cause" for and "actual prejudice" from the default. Engle v. Isaac, 456 U.S. 107, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982); Wainwright v. Sykes, supra. The "cause and prejudice" test of Engle v. Isaac and Wainwright v. Sykes is in the conjunctive; therefore, the petitioner must prove both cause and prejudice.

---

[4] The Court recognizes that it may be argued that a successive petition can be heard if there is good cause for not asserting the new claims for relief in the earlier petition. See Rule 32.2(b), A.R.Crim.P.  That being so, the Rule 32 remedy might not be precluded, but only unexhausted.  It is clear, however, that claims asserted in a new petition are outside the two-year limitation and, thus, barred.

The United States Supreme Court summarized the "cause" prong of the standard, as follows:

> In _Wainwright v. Sykes_, 433 U.S. 72 (1977), this Court adopted the "cause and prejudice" requirement of _Francis v. Henderson, supra_, for all petitioners seeking federal habeas relief on constitutional claims defaulted in state court. The _Sykes_ Court did not elaborate upon this requirement, but rather left open "for resolution in future decisions the precise definition of the `cause'-and-`prejudice' standard." 433 U.S., at 87. Although more recent decisions likewise have not attempted to establish conclusively the contours of the standard, they offer some helpful guidance on the question of cause. In _Reed v. Ross_, 468 U.S. 1 (1984), the Court explained that although a "tactical" or "intentional" decision to forgo a procedural opportunity normally cannot constitute cause, _id._, at 13-14, "the failure of counsel to raise a constitutional issue reasonably unknown to him is one situation in which the [cause] requirement is met." _Id._, at 14.  The Court later elaborated upon _Ross_ and stated that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." _Murray v. Carrier_, 477 U.S. 478, 488 (1986).  We explained that "a showing that the factual or legal basis for a claim was not reasonably available to counsel,... would constitute cause under this standard." _Ibid_. (Citations omitted.)

_Amadeo v. Zant_, 486 U.S. 214, 221-22, 108 S. Ct. 1771, 100 L. Ed. 2d 249 (1988).

15

The petitioner must also demonstrate that he was prejudiced by the default. He must show "not merely that the errors... created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." (Emphasis in original). United States v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982).

A federal habeas court, however, will consider a procedurally defaulted claim in the absence of cause and prejudice if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." Smith v. Murray, 477 U.S. 527, 537-38, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986) (quoting, respectively, Engle, 456 U.S. at 135, and Murray, 477 U.S. at 496). Such a petitioner must offer evidence to make a colorable showing that he is innocent of the fact of the crime, not merely that he is entitled to some technical defense.

The petitioner has not shown "cause and prejudice" excusing the default, nor has he made a showing of factual innocence so that the claim can be considered under the "fundamental miscarriage of justice" exception to procedural default. Indeed, he has made no attempt to explain why his present complaints about the adequacy of his attorney could not have been asserted in the Rule 32 petition he previously filed which did

16

contain one specification of ineffectiveness.[5]  Thus, claims 2(b) through 2(y) and 3 are due to be dismissed as procedurally defaulted.

### Prior Convictions (Claim 4)

The petitioner claims that the trial court erred by using unconstitutional prior convictions to enhance his conviction (claim 4).  He argues that the trial court enhanced his sentence using improper prior convictions including a misdemeanor, a conviction that was not his, and a federal conviction for mail theft which has no counterpart under Alabama law.  The petitioner raised this claim on direct appeal, and the Alabama Court of Criminal Appeals affirmed his conviction stating in pertinent part:

> ... At the sentencing hearing, the State introduced evidence that the appellant had four prior felony convictions.  However, one of those convictions was a 1969 conviction for grand larceny for which the appellant was sentenced to 12 months in the county jail. Under Title 14, § 331, Code of Alabama 1940 (Recomp. 1958), the punishment for grand larceny was imprisonment "for not less than one nor more than ten years." However, under the Alabama Criminal Code, a felony is "[a]n offense for which a sentence to a term of

---

[5]  The presentation and exhaustion of that particular claim of ineffective assistance did not serve to present and exhaust the other claims now pled in the habeas petition.  Each specification of ineffective assistance must be presented to and exhausted in the state courts.  See Footman v. Singletary, 978 F.2d 1207 (11th Cir. 1992).

imprisonment in excess of one year is autho-
rized ...." Ala. Code 1975, § 13A-1-2(4).

First degree rape is a Class A felony. § 13A-
6-61(b). Where a defendant has been previ-
ously convicted of any three felonies, "[o]n
conviction of a Class A felony, he must be
punished by imprisonment for life without
parole." § 13A-5-9(c)(3) (emphasis added).
Consequently, the consideration of a fourth
conviction, even if erroneously treated as a
felony, was harmless because the mandatory
sentence was life without parole regardless of
whether the appellant had three or four prior
convictions. "[A]ny error in proving prior
convictions in excess of the number needed to
invoke the Habitual Offender Act is error
without injury, where the evidence of the
unneeded prior convictions did not prejudice
the defendant." Smith v. State, 401 So. 2d
251, 256-57 (Ala. Cr. App.), cert. denied, 401
So. 2d 257 (Ala. 1981).

At the sentence hearing, the State also pre-
sented evidence that the appellant had a
second conviction for grand larceny, for which
he was sentenced to 18 months' imprisonment.
The appellant, Edward Lee Edwards, claims that
that was not his conviction. The grand lar-
ceny conviction identifies the defendant as
"Robert Lee Edwards." R.83. The appellant
was indicted in the present case as "Edward
Lee Edwards, alias Robert Lee Edwards." R.6.

When this issue was raised at the sentence
hearing, defense counsel, in response to the
trial court's question, indicated that he had
no evidence that "that's not him" at that
particular time. When the trial court stated,
"Well, the burden's on [the appellant],"
defense counsel replied, "I understand."
R.274-75. Further inquiry in the matter
satisfied the trial court "that that's one and
the same person from the particular records of
the court." R.277.

The State had the burden of proving that the
appellant had at least three prior felony

convictions. Rule 26.6(b)(3)(iii), A.R.Crim.P.
However, "[t]he identity of name raises a
prima facie presumption of the sameness of the
person." Weeks v. State, 473 So. 2d 589, 591
(Ala. Cr. App. 1985). "Once the State has
made proper proof of prior convictions for
sentence enhancement purposes, and an objec-
tion to that proof is made, the defendant
bears the 'burden of presenting evidence in
support thereof.'" Carlisle v. State, 533 So.
2d 645, 649 (Ala. Cr. App. 1987), quoting
Smith v. State, 492 So. 2d 638, 642 (Ala. Cr.
App. 1986). See also Shephard v. State, 539
So. 2d 449, 450 (Ala. Cr. App. 1988).

At the sentencing hearing on January 27, 1992, the State
presented certified copies of four prior felonies. No evidence was
offered then that any of these prior felony convictions were
invalid. Although petitioner's counsel argued that one of the
convictions was not his, no evidence was offered to prove other-
wise. In addition, although the petitioner's counsel argued that
one of the grand larceny convictions was a misdemeanor, the Court
informed counsel that grand larceny in 1969 was a felony in
Alabama.

The trial court and the Alabama Court of Criminal Appeals
definitively found under Alabama state law not only that the prior
convictions had been sufficiently proven but that they also were
proper for enhancement under the Habitual Offender Act. Whether a
particular prior conviction constituted a felony or misdemeanor is
a matter purely of state law. Similarly, the allocation of proof
as to whether a particular prior conviction involved the same

defendant or not also is a matter of state law.  Because this claim raises only issues of state law, it is due to be denied.[6]

## RULE 32 PROCEEDINGS (Claim 5)

The petitioner contends that the trial court erred by dismissing his Rule 32 petition without conducting a hearing, without appointing an attorney for him during his Rule 32 proceedings, and without addressing the claims on the merits. Challenges to the fairness of a post-conviction, collateral proceeding do not undermine the validity of the conviction itself.  As the Eleventh Circuit has explained:

> Neither the state court's failure to hold a hearing on petitioner's [collateral petition] nor its failure to attach the relevant portions of the record in any way undermines the validity of petitioner's conviction.  Because [the] claim ... goes to issues unrelated to

---

[6] Insofar as petitioner now challenges whether the federal mail-theft conviction could have been used to enhance his sentence, it, like the other two, involves an issue solely of state law. Moreover, that particular challenge is procedurally defaulted, not having been raised on direct appeal.  Even if petitioner can argue that "cause" for the default was ineffective assistance of trial and appellate counsel, he suffered no prejudice because, even if mail-theft has no counterpart in Alabama state law, he was also convicted of uttering the stolen check with a forged endorsement (Respondents' Exhibit D, p. 272), which does have an Alabama counterpart.  See Ala. Code § 13A-9-3 for forgery in the second degree, a Class C felony.  Thus, even if counsel had successfully challenged the mail-theft conviction, petitioner still would have had the forgery conviction as his third felony for enhancement purposes.

20

the cause of petitioner's detention, it does
not state a basis for habeas relief.

Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987).
Furthermore, the petitioner has no constitutional right to
court-appointed counsel in post-conviction proceedings.  Since this
claim does not relate to his conviction, but to the post-conviction
collateral attack, this claim fails to raise any basis for § 2254
relief.  See Spradley v. Dugger, 825 F.2d 1566 (11th Cir. 1987).
Thus, claim five is due to be denied.

### Conclusion

Accordingly, for the reasons stated above, the court will
DENY and DISMISS WITH PREJUDICE the petition for writ of habeas
corpus in a separate order.

DATED this _____18th_____ day of March, 1997.


SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE